863 N.E.2d 1212 (2007)
A.B., Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.
No. 67A01-0609-JV-372.
Court of Appeals of Indiana.
April 9, 2007.
*1214 James R. Recker, Indianapolis, IN, Attorney for Appellant.
Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
RILEY, Judge.

STATEMENT OF THE CASE
Appellant-Defendant, A.B., appeals the juvenile court's finding of juvenile delinquency based on six Counts of harassment, Ind.Code § 35-45-2-2(a)(4), offenses that would be Class B misdemeanors if committed by an adult.[1]
We reverse and remand with instructions.

ISSUE
A.B. raises five issues on appeal, only one of which we find dispositive and which we restate as follows: Whether the message authored by A.B. and posted on a myspace.com website is protected political speech.

FACTS AND PROCEDURAL HISTORY
In February of 2006, Shawn Gobert (Gobert), principal of the Greencastle Middle School, was informed by some of his students that a derogatory webpage concerning Matthew Taylor, the assistant principal, had been created on the internet. When Gobert and Taylor investigated this information, they not only found the webposting concerning Taylor, but also uncovered a webpage on myspace.com purporting to have been created by Gobert.
In order to view the myspace.com webpage on Gobert, Gobert removed the restriction on his school computer that prevented him access to the site. However, the webpage was created with a private profile and only persons accepted as friends by the creator of the webpage were allowed full access to the page and its comments. Later, it was discovered that R.B. had created the Gobert myspace webpage, purporting to be Gobert, and had invited several of her friends, including A.B., to access the page and view the listings. A.B., knowing that R.B. was the creator of the webpage, made several derogatory postings on the site. On February 15, 2006, A.B. posted the following comment:
Hey you piece of greencastle shit.
What the fuck do you think of me [now] that you can['t] control me? Huh? Ha ha ha guess what I'll wear my fucking piercings all day long and to school and you can['t] do shit about it! Ha ha fucking ha! Stupid bastard! Oh and kudos to whomever made this ([I'm] pretty sure I know who). Get a background.
(Appellant's App. p. 69). The next day, she posted: "die . . . gobert . . . die." *1215 (Appellant's App. p. 70). Separate from the webpage created by R.B., A.B. created a publicly accessible group on myspace.com under the group name "Fuck Mr. Gobert and GC Schools." (Appellant's App. p. 71). Gobert testified that he never received these postings directly, but only viewed them on the respective websites after gaining access to them.
On March 2, 2006, the State filed a delinquency petition alleging A.B. committed acts that, if committed by an adult, would have constituted identity deception, a Class C felony, and harassment, a Class B misdemeanor. On March 10, 2006, the juvenile court approved the filing of the petition. Thereafter, on May 15, 2006, the State amended its petition alleging eight counts of harassment, offenses that would be Class B misdemeanors if committed by an adult, and one count of identity theft, a Class D felony if committed by an adult. At the commencement of the fact-finding hearing, held on May 22, 2006, the State dismissed two counts of harassment and the single count of identity theft. On June 27, 2006, the juvenile court issued its Order adjudicating A.B. to be a delinquent child. As a result of its finding, the juvenile court placed A.B. on nine months of probation combined with various conditions.
A.B. now appeals. Additional facts will be provided if necessary.

DISCUSSION AND DECISION

I. The Juvenile Court's Order

In the instant case, the juvenile court adjudicated A.B. to be a juvenile delinquent based on six Counts of harassment. In support of its findings, the juvenile court issued an elaborate two-page Order on June 27, 2006, separately addressing each issue raised by A.B. Nevertheless, despite its length, the juvenile court's Order is far from clear. Specifically, in its analysis, the court never clarified which message of A.B. it alludes to, even though A.B. raises different arguments for different postings. In fact, the only message verbatim included within the Order, is A.B.'s posting of February 15, 2006. In this regard, the juvenile court states in pertinent part,
3. Was the communication obscene?

The [c]ourt finds that the words "Fuck Mr. Gobert" and "Hey you piece of Greencastle shit what the fuck do you think of me now that you can't control me? Huh? Ha ha ha guess what I'll wear my fucking piercings all day long and to school and you can't do shit about it. Ha ha fucking ha! Stupid bastard" is obscene. As the well known U.S. Supreme Court decision "One knows Pornography when one sees it," this [c]ourt finds that such language is obscene in the context used by [A.B.]. [A.B.] was not exercising her constituted rights of free speech in such a tirade  but to use the most vulgar language she could. Moreover she was not expressing her opinion in her writing.
(Appellant's App. p. 81). Moreover, even though A.B. posted a total of six messages on two different myspace.com websites, the Order only references "message" in the singular, never the plural.
Accordingly, it is unclear to what extent the juvenile court relied on the evidence concerning the other five messages in rendering judgment. Without findings that support the adjudication with regard to A.B.'s other five messages, we must conclude that the juvenile court's Order solely addressed the harassment Count based on A.B.'s message posted on February 15, 2006. Because the juvenile court does not support its finding of adjudication with regard to the other Counts of *1216 harassment but nevertheless rendered judgment on them, we reverse and remand to the juvenile court with instructions to vacate the adjudication with regard to the other five Counts of harassment.

II. Protected Political Speech

With respect to A.B.'s February 15, 2006 posting, A.B. contends that the juvenile court erred by not protecting its content as political speech pursuant to the First Amendment of the United States Constitution and Article 1, Section 9 of the Indiana Constitution. A.B. asserts that her message, made in a public forum and criticizing Gobert, a state actor, in implementing a school policy proscribing decorative piercings is a legitimate communication envisioned within the bounds of protected political speech.[2]
As A.B. raises her argument under both the United States Constitution and the Indiana Constitution, it is sufficient that we find protected speech under either Constitution to reverse the juvenile court's finding. Although we have never analyzed a claim of political speech in the framework of the harassment statute, Indiana has generated an abundance of case law determining the constitutionality of an application of the disorderly conduct statute under section 9 of the Indiana Constitution in light of our supreme court pivotal's decision in Price v. State, 622 N.E.2d 954 (Ind.1993), reh'g denied. As we are constrained to follow Price and its progeny, we will borrow the disorderly conduct two-part test and apply it to the harassment statute before us.
The harassment statute provides, in pertinent part:
A person who, with intent to harass, annoy, or alarm another person but with no intent of legitimate communication
. . .
(4) uses a computer network (as defined in I.C. § 35-43-2-3(a)) or other form of electronic communication to:
. . .
(B) transmit an obscene message or indecent or profane words to a person; commits harassment, a Class B misdemeanor.
Further, article 1, Section 9 of the Indiana Constitution states:
No law shall be passed, restraining the free interchange of thought and opinion or restricting the right to speak, write, or print, freely, on any subject whatever; but for the abuse of that right, every person shall be responsible.
Accordingly, Section 9 expressly extends protection to speaking, writing or printing "on any subject whatever." Thus, contemplating a broad notion of expressive activity, extending to all subjects in every conceivable mode of expression, Section 9 "affirms the rights of expression in language more comprehensive than the First Amendment." Mishler v. MAC Systems, Inc., 771 N.E.2d 92, 97 (Ind.Ct.App.2002). Because A.B. wrote a message on a website, the legality of her prosecution must stand or fall on the dictates of our constitution's free expression provision. See Price, 622 N.E.2d at 967.
In reviewing the constitutionality of an application of the harassment statute, we employ a two-step inquiry. First, a reviewing court must determine whether *1217 state action has restricted a claimant's expressive activity. Whittington v. State, 669 N.E.2d 1363, 1367 (Ind.1996). Second, if it has, the court must decide whether the restricted activity constituted an abuse of the right to speak. Id.
Analyzing the first prong of the test, we note that the right to speak clause focuses on the restrictive impact of state action on an individual's expressive activity. Id. at 1368. At a minimum, the clause is implicated when the State imposes a direct and significant burden on a person's opportunity to speak his or her mind, in whatever manner the speaker deems most appropriate. Id. Here, we conclude that this condition is satisfied by A.B.'s adjudication for harassing Gobert by posting a message on an internet website. See Madden v. State, 786 N.E.2d 1152, 1156 (Ind.Ct.App.2003), trans. denied (holding that a person's conviction for making unreasonable noise based on her swearing and screaming at police officers while her husband was being cited for a traffic violation constitutes a restriction of claimant's expressive activity by state action).
Turning to the second prong of the analysis, we must consider whether the restricted activity constituted an abuse of the right of free speech. Generally, when reviewing the State's determination that a claimant's expression was an abuse of the right of free speech under the Indiana Constitution, we are required to find only that the State's determination was rational. Madden, 786 N.E.2d at 1156. However, if the claimant's speech giving rise to the harassment conviction is political, the State must demonstrate that it has not materially burdened the claimant's opportunity to engage in political expression. Id.
Such expression is not materially burdened if the State produces evidence that the speech inflicted particularized harm analogous to tortuous injury on readily identifiable private interests. To demonstrate the requisite level of harm, there must be evidence that the speech caused actual discomfort to persons of ordinary sensibilities or that it interfered with an individual's comfortable enjoyment of his privacy. Evidence of mere annoyance is insufficient.
Shoultz v. State, 735 N.E.2d 818, 825-26 (Ind.Ct.App.2000), reh'g denied, trans. denied.
A claimant's expressive activity is political, for purposes of Section 9, if its point is to comment on government action, whether applauding an old policy or proposing a new one, or opposing a candidate for office, or criticizing the conduct of an official acting under color of law. Whittington, 669 N.E.2d at 1370. The judicial quest is for some express or clearly implied reference to governmental action. Id. In contrast, where an individual's expression focuses on the conduct of a private party, including the speaker himself or herself, it is not political. Id. In our review, we need not engage in speculation as to what a speaker might have meant. Id. We will judge the nature of expression by an objective standard, and the burden is on the claimant to demonstrate that his or her expression would have been understood as political. Id.
In the case before us, A.B. posted the following message on a myspace.com website:
Hey you piece of greencastle shit.
What the fuck do you think of me [now] that you can['t] control me? Huh? Ha ha ha guess what I'll wear my fucking piercings all day long and to school and you can['t] do shit about it! Ha ha fucking ha! Stupid bastard! Oh and kudos to whomever made this ([I'm] *1218 pretty sure I know who). Get a background.
(Appellant's App p. 69). Gobert, the intended addressee of this message, is the principal of Greencastle Middle School, a state school in Indiana. It is clear that school authorities are state actors for purposes of freedom of expression and, as such, are subject to the commands of the First Amendment, and by extension, Section 9 of the Indiana Constitution. See New Jersey v. T.L.O., 469 U.S. 325, 336, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985); Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969). Furthermore, viewing A.B.'s posted comments objectively, A.B. openly criticizes Gobert's imposed school policy on decorative body piercings and forcefully indicates her displeasure with it. While we have little regard for A.B.'s use of vulgar epithets, we conclude that her overall message constitutes political speech. Addressing a state actor, the thrust of A.B.'s expression focuses on explicitly opposing Gobert's action in enforcing a certain school policy. See Whittington, 669 N.E.2d at 1370.
However, we are mindful that political expression is not shielded from all criminal liability. Price, 622 N.E.2d at 954. As we stated before, "when the expressions of one person cause harm to another in a way consistent with common law tort, an abuse under Section 9 had occurred." Id. at 964; see also Shoultz, 735 N.E.2d at 825-26. Here, the State failed to produce any evidence that A.B.'s expression inflicted particularized harm analogous to tortuous injury on readily identifiable private interests as required to rebut A.B.'s claim of political speech.
Based on the evidence before us, we find that there is insufficient evidence to support that A.B.'s adjudication of harassment based on her posted message of February 15, 2006 is consistent with her right to free speech contained in Article 1, Section 9 of the Indiana Constitution. Therefore, we hold that A.B.'s conviction for harassment contravened her right to speak, as guaranteed by the Indiana Constitution. Accordingly, we remand to the trial court with instruction to vacate her adjudication.[3]

CONCLUSION
Based on the foregoing, we hold that the trial court erred in finding A.B. a juvenile delinquent based on six Counts of harassment. We reverse the decision of the juvenile court and remand the cause with instructions to vacate the adjudication.
Reversed and remanded with instructions.
KIRSCH, J., and ROBB, J., concur.
NOTES
[1] We heard oral arguments in this case on February 27, 2007 at Wabash College, Crawfordsville, Indiana. We commend counsel for their excellent presentations and thank Wabash College for their hospitality in hosting this oral argument.
[2] Although the State in its brief appears to concede that "A.B.'s message [] referenc[ing] piercings could conceivably be found to constitute an indecent but protected comment on the school policy concerning piercings," we will nevertheless review A.B.'s argument on its merits. (State's Br. p. 18).
[3] As we find Article 1, Section 9 of the Indiana Constitution dispositive in this case, we need not review A.B.'s claim under the First Amendment of the United States Constitution.